UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERRY WYNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 11 CV 3662 |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, | ) Judge John W. Darrah |
| MICHELLE R.B. SADDLER, | ) |
| IVONNE SAMBOLIN, | ) |
| MYTRIS SULLIVAN, DAN BLAIR, and | ) |
| GLENDEAN SISK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerry Wynn filed an Amended Complaint against the Illinois Department of Human Services ("DHS"), Michelle R.B. Saddler, Ivonne Sambolin, Mytris Sullivan, Dan Blair, and Glendean Sisk, arising from the termination of Plaintiff's employment. Count I alleges a violation of the State Officials and Employees Ethics Act, 5 ILCS 430/15. Count II alleges a violation of the state Whistleblower Act, 740 ILCS 174. Count III alleges a due process of property violation pursuant to 42 U.S.C § 1983. Count V alleges a state-law claim for retaliatory discharge.[1] Count VI alleges a violation of the Wage Payment and Collection Act, 820 ILCS 115. Plaintiff, in his Response to Defendants' Motion to Dismiss, agrees to the dismissal of Counts I, II, V, and VI.

### BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of resolving this Motion to Dismiss.

---

[1] Count IV was removed from Plaintiff's Amended Complaint.

*See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Plaintiff was a contract employee hired by the State of Illinois and was employed as the Chicago Healthy Start Program Administrator from December 1997 to December 2010. (Am. Compl. ¶¶ 9, 4.) Plaintiff's salary was fully funded through a Federal Grant titled, "Federal Healthy Start Grant". (*Id.* ¶ 9.) DHS is a division of State Government. (*Id.* ¶ 16.) Michelle Saddler is Secretary of DHS and is the head of the agency. (*Id.* ¶ 17.) Ivonne Sambolin is the Director of the Division of Community Health and Prevention ("the Division"), which is a division of State Government. (*Id.* ¶ 18.) Mytris Sullivan served as Associate Director for the Division. (*Id.* ¶ 19.) Dan Blair serves as the Manager of Fiscal Services for the Division. (*Id.* ¶ 20.) Glendean Sisk serves as Bureau Chief for the Bureau of Maternal and Infant Health of the Division. (*Id.* ¶ 21.)

In November 2009, Plaintiff informed State of Illinois Internal Auditors that the sum of $99,996.00 was misappropriated through the allocation of grant funds to the Springfield Urban League, an agency not listed in the Healthy Start Grant Application. (*Id.* ¶ 22, Ex. 2) After being questioned about the expenditure, Plaintiff informed the auditor that he was not responsible and directed the auditor to the responsible individual. (*Id.* ¶ 23.) In an email to Defendants Sambolin, Sullivan, and Sisk, Plaintiff highlighted his discussion with the auditor. (*Id.* ¶ 24, Ex. 2) In response, Sisk emailed Blair inquiring about the expenditure. (*Id.*) In a subsequent email, Plaintiff challenged and corrected Blair after Blair attempted to cover up the misappropriation through the offering of a series of false and misleading statements. (*Id.* ¶ 25, Ex. 2) The Defendants reprimanded and harassed the Plaintiff in response to his whistleblowing. (*Id.* ¶ 27.)

In April 2010, Plaintiff was notified that his employment as Program Administrator of Chicago Healthy Start was scheduled to terminate on December 31, 2010. (*Id.* ¶ 31.) Further, he was notified that his position was going to be converted to a union position and that DHS could no longer employ contract employees or have arrangements with outside agencies to employ state workers. (*Id.*) After researching the matter, Plaintiff determined that three other contract positions, all of which were similarly grant funded, were protected from the Union. (*Id.* ¶ 33.) Plaintiff's termination was done in retaliation for his whistleblowing. (*Id.*)

In June 2010, a finalized audit of the Federal Chicago Healthy Start Program indicated that the $99,996.00 expenditure was inappropriate and that the funds should be reimbursed to the Federal Government. (*Id.* ¶ 32.) The State should have notified the Federal Government immediately but deferred action until December 31, 2010. (*Id.*) This deadline was never met. (*Id.*) Defendants, specifically Blair, withheld pay increases from Plaintiff that were approved by the Federal Government. (*Id.* ¶ 34.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all

3

reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

### Count III

Defendants argue that Plaintiff's claim in Count III against DHS should be dismissed because DHS is not a "person" amenable to suit under 42 U.S.C. § 1983, and Eleventh Amendment immunity otherwise bars Plaintiff's claim. (Reply at 2.) The Eleventh Amendment states, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. A state may invoke its immunity from suit in federal court and must be dismissed from litigation. *Kroll v. Bd. of Trustees*, 934 F.2d 904, 907 (7th Cir. 1991) (*Kroll*). However, this jurisdictional bar has two exceptions: a state may consent to a suit, and Congress may use its enforcement powers under the Fourteenth Amendment to abrogate the state's immunity. *Jimenez v. Illinois*, No. 11-cv-4707, 2012

4

WL 174772, at *4 (N.D. Ill. Jan. 18, 2012). State agencies are treated the same as states. *Kroll*, 934 F.2d at 907. A state is not a "person" under § 1983, thus a litigant may not seek a remedy against a state under a Section 1983 claim in federal court. *Will v. Michigan Dep't of State of Police*, 491 U.S. 58, 71 (1989).

Neither of the two exceptions is present in this case. First, DHS has not consented to the suit. A state waives its immunity when it either voluntarily invokes federal jurisdiction or "makes a clear declaration that it intends to submit itself to federal jurisdiction." *MCI Telecomm. Corp. v. Illinois Bell Tel. Co.*, 222 F.3d 323, 338 (7th Cir. 2000). "In either case, there must be an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." *Id.* No such indication is presented. Second, in Count III, Plaintiff asserts a claim under Section 1983, which governs civil actions involving the deprivation of a party's rights, privileges and immunities under state and federal law. *See* 42 U.S.C. § 1983. The Supreme Court has held that Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 400 U.S. 332, 342 (1979). Since neither exception is applicable, DHS is immune.

Plaintiff argues that the State is a "person" for purposes of Section 1983. (Resp. at 7.) Plaintiff's argument is meritless. Plaintiff relies on *Boldt v. Wisconsin*, 305 N.W.2d 133 (Wisc. 1981) (*Boldt*) and *Maine v. Thiboutot*, 448 U.S. 1 (1980) (*Maine*), to support Plaintiff's case. Plaintiff's reliance on *Boldt* is not only misplaced, but also proves detrimental to Plaintiff's case as *Boldt* provides the exact opposite of what Plaintiff contends. In *Boldt*, the Supreme Court of Wisconsin states, "[P]etitioner is not entitled to recovery under § 1983, however, because the state is not subject to suit under

5

Sec. 1983." *Boldt*, 305 N.W.2d at 143. Plaintiff's reliance on *Maine* is also misplaced as the case does not address the issue of whether the state is amenable to suit under Section 1983. For the foregoing reasons, Plaintiff's claim against DHS is dismissed as to Count III.

Defendants also argue that Plaintiff's claim against Defendants Saddler, Sambolin, Sullivan, Blair and Sisk should be dismissed. (Reply at 3.) Defendants argue that the claim against the collective Defendants is redundant to Plaintiff's claims against DHS. (Reply at 3.) The Eleventh Amendment bars federal jurisdiction over suits against state officials acting in their official capacities. *Brown v. Budz*, 398 F.3d 904, 917 (7th Cir. 2005). Such a suit is deemed a suit against the official's office rather than a suit against the official, thus it is no different than a suit against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (*Graham*). However, an action against a state official in his official capacity is allowed when injunctive relief is sought. *Id.* at 167. A suit against a state official in his personal capacity is not barred by the Eleventh Amendment. *Id.* at 165-66.

Plaintiff's Amended Complaint does not state the capacity under which the Defendants are being sued. "In the absence of any express statement that the parties are being sued in their individual capacities, an allegation that the defendants were acting under color of law generally is construed as a suit against the defendants in their official capacities only." *Stevens v. Umstead*, 131 F.3d 697, 706 (7th Cir. 1997) (*Stevens*). However, this omission does not conclusively determine that the Defendants are being sued in their official capacity only; the court must consider the manner in which the parties have treated the suit. *Id.*

In a personal-capacity action, an official may assert personal immunity defenses, such as objectively reasonable reliance on existing law, absolute immunity, and qualified immunity. *Graham*, 473 U.S. at 166-67. Said defenses are unavailable in an official-capacity action. *Id.* The lack of an obvious intention of the parties indicating that this is an individual capacity suit supports the notion that Defendants are being sued solely in their official capacities. *See Stevens*, 131 F.3d at 707. First, the parties have not admittedly operated under the assumption that Defendants were being sued in their individual capacities, in fact, Defendants have maintained the very opposite. (Resp. at 4.) Second, Defendants have not raised any of the aforementioned defenses, which are exclusively available in a personal-capacity action.

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Graham*, 473 U.S. at 165-66. In contrast, personal-capacity suits "seek to impose personal liability upon a government official for actions he takes under color of state law." *Id.* Plaintiff argues that the individual defendants acted unlawfully and outside of their official capacity. (Resp. at 8-9). Plaintiff offers two Illinois state law cases and argues that because of the officers' illegal conduct, the suit is against them personally rather than the state and should be maintained in light of immunity. *See Senn Park Nursing Ctr. v. Miller*, 104 Ill.2d 169, 187 (Ill. 1984). Plaintiff's Amended Complaint fails, however, to sufficiently allege unlawful conduct on the part of the Defendants. Plaintiff alleges that Defendants conspired against him in response to his whistleblowing, an act which led, in fact, to his firing. Further, he alleges that Defendants unlawfully withheld pay raises. His allegations, devoid of indicating any individual participation or action in excess of

authority, are conclusory and insufficient. *Iqbal*, 129 S.Ct. at 1949 ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). It is evident that this is an official capacity suit, for the real party in interest is DHS. *See Graham*, 473 U.S. at 166 ("It is *not* a suit against the official personally, for the real party in interest is the entity.").

The Eleventh Amendment bars a damages action against State officials in federal court. *Id.* at 169. Since Plaintiff has failed to expressly designate the suit as an individual capacity suit, and for the foregoing reasons, Plaintiff's claim against Defendants Saddler, Sambolin, Sullivan, Blair and Sisk in Count III is dismissed.

## CONCLUSION

Plaintiff acquiesces to the dismissal of Counts I, II, V, and VI, thus Defendants' Motion to Dismiss is granted as to those counts with prejudice. For the foregoing reasons, Defendants' Motion to Dismiss Count III is granted without prejudice. Plaintiff may file a Second Amended Complaint within 30 days of the date of this Order if he can do so consistent with Federal Rule of Civil Procedure 11.

Date: 7-16-12

JOHN W. DARRAH
United States District Court Judge

8